# Appeal of Wm. E. and Chas. E. Stewart.

Same question and decision as in preceding case.

(Argued November 12, 1886.    Decided November 15, 1886.)

October Term, 1886, No. 153, W. D., before GORDON, PAX-
SON, TRUNKEY, GREEN, and CLARK, JJ.    Appeal from a decree
of the Common Pleas No. 1 of Allegheny County in equity, dis-
missing a supplemental bill for relief.    Affirmed.

The bill was filed by William B. Wolfe against Thomas Hare
and others, including the present appellants.    This appeal is,
from the same decree as the preceding appeal of William B.
Wolfe, *ante*, 307.

The assignments of error specified the action of the court in
dismissing plaintiff's bill; in not awarding the funds in court to
the appellants; in not permitting appellants to establish their
right to the fund in controversy as against George B. Gordon,
voluntary assignee of William N. Riddle and assignee of Thom-
as Hare *et al.*, attaching creditors, and in not awarding an in-
terpleader between appellants and George B. Gordon, assignee,
etc.

*Jacob S. Slagle, C. C. Dickey,* and *West McMurray,* for ap-
pellants.—It is true that the judgment was generally for defend-
ants.    But "our short judgment in replevin when in favor of
the defendant is a judgment for the return of the goods re-
plevied, and it would be so in terms if written out in full."
Heffner v. Reed, 3 Grant Cas. 245.

Had judgment been recovered against plaintiff, it would have
been established that the ownership was not in him, and the de-
fendant would have had judgment *pro retorno.*    Huston v. Wil-
son, 3 Watts, 287.

The effect of the replevin is simply to give the party the pos-
session of the property pending the suit; the title is not changed.
A sale made by the party so in possession, who afterwards turns,
out to have no title, cannot convey title to the purchaser against
the real owner.    Wells, Replevin, p. 476; Lockwood v. Perry,

9 Met. 440; White v. Dolliver, 113 Mass. 402, 18 Am. Rep. 502; Hunt v. Robinson, 11 Cal. 262; Bruner v. Dyball, 42 Ill. 37; Lovett v. Burkhardt, 44 Pa. 173.

"Title is sometimes acquired by judgment, but it is certainly a mistake to suppose that it is either acquired or evidenced by mere delivery under a writ of replevin. . . . If the defendant retain the property and give a property bond, he becomes the owner as against the plaintiff, whatever his title may have been before; but his case. is unlike that of a plaintiff to whom the property has been replevied." Lovett v. Burkhardt, 44 Pa. 174.

It is true that in Woglam v. Cowperthwaite, 2 Dall. 68, 1 L. ed. 292, and Frey v. Leeper, 2 Dall. 131, 1 L. ed. 319, it was held that the giving of a bond in replevin gave the plaintiff the right to do as he pleased with the goods; but they were both cases of distress for rent, and the tenant who replevied obtained possession of his goods, his title to which was not denied. But here the property in the goods is the very thing in dispute.

An attaching creditor occupies no higher ground than the defendant. Good v. Grant, 76 Pa. 56.

An attachment is an assignment by operation of law, and like other assignments carries with it the right to all securities for the debt attached. Re Baldwin, 4 Pa. 248; Riddle v. Etting, 32 Pa. 413; 54 Pa. 309.

Should it be said that our remedy was by writ *de retorno* against Riddle alone, and not by action against his vendee, we answer that the money in court is the proceeds of our goods to which his vendees assert no claim, and the only contestants to our right are Riddle's attaching creditor and his voluntary assignee, the rights of whom rise no higher than the right of Riddle to the fund, and he has none as against these appellants. See Hill, Trustees, p. 116.

Where a bill was filed against the owner and a number of lien creditors, to obtain foreclosure of a mortgage, and one of the defendants prayed an ascertainment of the amount due upon his mortgage, and the owner, by his answer, prayed that it might be excluded from participation, upon the ground of usury, it was held by the court that as the matter was in form for proofs upon the prayers of the parties no cross bill was necessary. Vanderveer v. Holcomb, 17 N. J. Eq. 90.

*John Dalzell,* for appellee.—See brief in preceding case.

PER CURIAM:

The order in the above case is affirmed and the appeal dismissed, at the costs of the appellant.